UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| LEON A. MORRIS, SR., | : Case No. 3:22-cv-279 |
| Plaintiff, | : |
| vs. | : Judge Michael J. Newman |
| | : Magistrate Judge Caroline H. Gentry |
| J. DAVID TURNER, ATTORNEY, *et al.*, | : |
| Defendants. | : |

**ORDER and
REPORT AND RECOMMENDATIONS**

Leon A. Morris, Sr., a state prisoner proceeding *in forma pauperis* and without the assistance of counsel, has filed a civil rights Complaint with this Court seeking relief under 42 U.S.C. §§ 1983, 1984, and 1985. (*See* Doc. 1, at PageID 2).[1] He alleges that his former court-appointed appellate counsel and three state appellate judges violated his constitutional rights during appellate proceedings relating to two underlying criminal cases. (*Id.*, at PageID 3).

The matter is currently before the Court to conduct the initial screening of the Complaint as required by law. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). For the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** the Complaint in its entirety.

---

[1] To the extent that Plaintiff seeks to bring claims under 42 U.S.C. § 1984, "the statute is no longer in effect [and] [P]laintiff cannot use it as a basis for the filing of a civil suit." *Edwards v. Colleran*, No. CIV.A. 88-7820, 1989 WL 1416, at *1 (E.D. Pa. Jan. 9, 1989). Accordingly, any claims brought under 42 U.S.C. § 1984 should be dismissed.

I.  **Application for Default and Motion to Amend the Complaint**

Before turning to the screening of the Complaint, the Court addresses two preliminary matters.  Plaintiff has filed an application for default judgment (Doc. 6) but has moved to withdraw the application (Doc. 12).  As Plaintiff notes, Defendants have not yet been served, so default judgment would not be appropriate.  (*See id*., at PageID 136).  Plaintiff's request to withdraw the application is **GRANTED**.  The application (Doc. 6) is considered **WITHDRAWN**.

Plaintiff has also filed a motion to amend the Complaint (Doc. 14), along with various documents that consist of "evidence" and additional argument in support of his Complaint (*see* Docs. 7-11).  Plaintiff has not attached a proposed amended complaint to his motion to amend (Doc. 14), and the undersigned understands the motion to be seeking to attach the submitted "evidence" and additional argument as exhibits to his Complaint.  The undersigned **GRANTS** the motion to amend (Doc. 14) to the extent that Documents 7 through 11 will be considered as attachments to the Complaint.  *Cf. Jackson v. United States*, No. 19-cv-3560, 2019 WL 4034731, at *1 n.2 (E.D. Pa. Aug. 27, 2019).  The motion to amend (Doc. 14) is **DENIED** in all other respects.

II. **Initial Screening Standard**

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis*, the Court is required to conduct an initial screening of his Complaint.  28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2).  The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b) and 1915(e)(2).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable *legal* basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable *factual* basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

A complaint must also be dismissed if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

### III. Parties and Claims

Plaintiff sues his former appointed appellate counsel, J. David Turner, in his individual and official capacities, and Ohio Second District Court of Appeals Judges Michael L. Tucker, Jeffrey (spelled "Jeffery" in the Complaint) M. Welbaum, and Christopher B. Epley, in their official capacities. (*See* Doc. 1, at PageID 1; Doc. 12, at PageID 136). The entirety of the factual allegations in Plaintiff's Complaint as initially filed are as follows:

> [Defendants] all choose to aid [and] a[bet] J. David Turner, Defense Attorney who's not under [imm]unity but sue and be sued.
>
> On or about March 30, 2022, J. David Turner was appointed to defend Plaintiff in his Appeals Case No. 29558, 2020-CR-03962[,] 2022-CR[-]1403 and Turner has willfully violated my constitutional rights to due process, equal protection of law, free from discrimination, right to hearing, procedural [and] substantive due process, equal protection rights.
>
> Appellate Court Judges refused to order J. David Turner to do his job and not be allowed to violate rules, regulations, state and local laws also constitutional rights.

(Doc. 1, at PageID 3).

4

In a later-filed document, Document 8, Plaintiff adds that Defendant Turner also allegedly represented him in state Appeal Nos. "29514, 29409, 29406, 29551, etc.," and that Turner allegedly "failed to file the first br[ie]f, visit Plaintiff, nor did he make any effort to uphold his oath as a lawyer, uphold my constitutional rights." (Doc. 8, at PageID 114).[2]

Plaintiff seeks to have his underlying state-court criminal cases (Case Nos. 2020-CR-3962 and 2022-CR-1403) dismissed and requests damages in an unspecified amount. (Doc. 1, at PageID 4; *see also* Doc. 8, at PageID 115).[3]

### IV. Discussion

For the following reasons, the Complaint, as amended, should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

    **A.**     **Plaintiff's §§ 1983 and 1985 Claims against Judges Tucker, Welbaum, and Epley Are Barred by Judicial Immunity.**

It is well-settled that judges are generally absolutely immune from civil suits. *Bright v. Gallia Cty., Ohio,* 753 F.3d 639, 648-49 (6th Cir. 2014) (citing *Barnes v. Winchell,* 105 F.3d 1111, 1115 (6th Cir. 1997), in turn citing, *inter alia*, *Mireles v. Waco,* 502 U.S. 9, 9 (1991) (per curiam)). The absolute immunity accorded to judges extends not only to claims for damages, but also to requests for injunctive and others forms of equitable relief. *Mireles,* 502 U.S. at 11

---

[2]Additionally, in Document 8, Plaintiff alleges that Ohio Second District Court of Appeals Judge Mary E. Donovan violated his rights. (*See* Doc. 8, at PageID 114). Judge Donovan, however, is not named as a Defendant in this case. In any event, any claim against Judge Donovan would be subject to dismissal for the reasons stated herein.

[3]It appears that Plaintiff was convicted and sentenced to community control in 2021 in Case No. 2020-CR-3962, but the state court terminated his probationary status because of a subsequent offense. *See State of Ohio v. Leon Morris,* C.P. No. 2020 CR 03962. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)). It appears that Plaintiff was sentenced to a term of incarceration on that subsequent offense in Case No. 2020-CR-1403. *See State of Ohio v. Leon Aaron Morris*, C.P. No. 2022 CR 01403. These cases are available by name or case number search at https://pro.mcohio.org (accessed Jan. 11, 2023).

("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"). Further, courts have recognized that absolute judicial immunity applies to claims under both §§ 1983 and 1985. *See, e.g.*, *Pickett v. Williams*, No. 3:17-CV-557-C-BH, 2019 WL 3021196, at *7 n.5 (N.D. Tex. June 24, 2019), *report and recommendation adopted*, No. 3:17-CV-557-C-BH, 2019 WL 3006985 (N.D. Tex. July 10, 2019) ("Additionally, any § 1985 claim against the judge is barred by judicial immunity . . . for the same reasons as the § 1983 claim). And the doctrine clearly appears even where a defendant is sued only in an official capacity. *Shelton v. Wallace*, 886 F. Supp. 1365, 1373 (S.D. Ohio 1995), *aff'd*, 91 F.3d 144 (6th Cir. 1996) ("As the Supreme Court has stated, the doctrines of judicial and *quasi* -judicial immunity are to be applied *via* a functional approach, looking to the nature of the function performed, not the identity of the actor who performed it.").

This far-reaching protection was not adopted "for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (internal citation and quotation marks omitted); *see also Barnes,* 105 F.3d at 1115 (quoting *Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 435 (1993)) ("The doctrine of judicial immunity is justified 'by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.'").

Given the "strong policy justifications for the doctrine," absolute judicial immunity can be overcome only when the plaintiff's claims are based on (1) non-judicial actions, such as administrative acts unrelated to judicial proceedings; or (2) "actions, though judicial in nature, [that are] taken in the complete absence of jurisdiction." *Bright,* 753 F.3d at 649 (quoting

*Mireles,* 502 U.S. at 11-12). The Supreme Court has held that "whether an act . . . is a 'judicial' one relate[s] to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 12 (quoting *Stump v. Sparkman,* 435 U.S. 349, 362 (1978)). Absence of jurisdiction refers to the lack of subject matter jurisdiction. *See, e.g., Bradley v. Fisher,* 80 U.S. 335, 351-52 (1871) (distinguishing "excess of jurisdiction" from "the clear absence of all jurisdiction over the subject-matter"); *Bright,* 753 F.3d at 649 (quoting *Holloway v. Brush,* 220 F.3d 767, 773 (6th Cir. 2000) (en banc), and *Barnes,* 105 F.3d at 1122) ("[o]nly in the absence of subject matter jurisdiction are judicial actors devoid of the shield of immunity," whereas "[g]enerally, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes"). Therefore, as the Supreme Court has also made clear, the immunity offered judicial officers in the performance of judicial duties is not overcome by allegations that they acted in "bad faith," maliciously, corruptly or even "in excess of . . . authority." *See Mireles*, 502 U.S. at 11, 13 (and Supreme Court cases cited therein); *see also Bright*, 753 F.3d at 649-50 (citing *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001)) (holding that the district court erred in denying absolute judicial immunity to the defendant judge with subject matter jurisdiction over the underlying criminal proceedings, who had engaged in actions that "were petty, unethical, and unworthy of his office").

It is clear from the face of Plaintiff's Complaint and the filed exhibits, which contain, *inter alia*, orders from the Ohio Second District Court of Appeals, that the Defendant Judges' complained-of actions pertain entirely to rulings made in various appeals filed by Plaintiff and, thus, to the performance of tasks and duties that were judicial in nature. (*See, e.g.*, Doc. 7, at PageID 82-83). *Cf. Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997) (quoting *Forrester*,

7

484 U.S. at 227) ("The application of judicial immunity is simple and noncontroversial when applied to 'paradigmatic judicial acts,' or acts of actual adjudication, *i.e.*, acts involved in resolving disputes between parties who have invoked the jurisdiction of the court."). Moreover, Plaintiff's allegations do not suggest that the Defendant Judges lacked subject matter jurisdiction in the case at issue.[4] As Plaintiff does not allege facts that, when accepted as true, show that either of the narrow exceptions to judicial immunity apply, the Defendant Judges are entitled to absolute judicial immunity from Plaintiff's claims.

### B. Plaintiff's § 1983 Claims against Defendant Turner Should Be Dismissed.

Plaintiff's § 1983 claims against his former appointed appellate counsel, Defendant Turner, should be dismissed because Turner is not a state actor subject to liability under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of America,* 102 F.3d 810, 814 (6th Cir. 1996). A private actor acts under color of state law when his conduct is "fairly attributable to the state." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982). As Plaintiff's attorney, Defendant Turner was not a state actor subject to liability under § 1983. *See Brown v. McCandless*, No. 1:15cv381, 2015 WL 4476955, at *3 (N.D. Ohio July 22, 2015) (and cases cited therein) ("It is firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, is not a state actor for purposes of § 1983"); *Foster v. Ohio*, No. 1:14cv668, 2014 WL 5589016, at *1, *4 (S.D. Ohio Nov. 3, 2014) (Beckwith, J.; Litkovitz, M.J.) (and cases cited

---

[4] Although Plaintiff asserts in a conclusory fashion that the Defendant Judges lacked jurisdiction (*see* Doc. 8, at PageID 115), Plaintiff's conclusory assertions are the type of "labels and conclusions" and "formulaic recitation of the elements of a cause of action" that are insufficient to state a claim upon which relief may be granted. *Iqbal.* 556 U.S. at 678.

8

therein) (holding that the plaintiff's complaint against his attorney was subject to dismissal at screening stage for failure to state a claim under § 1983). Accordingly, Plaintiff's § 1983 claims should be dismissed as to Defendant Turner.

### C. Plaintiff's § 1985 Claims Should Be Dismissed against All Defendants for Failure to State a Claim.

To plead a cause of action under § 1985, Plaintiff must allege that the Defendants conspired together for the purpose of depriving Plaintiff of the equal protection of the laws; that the Defendants committed an act in furtherance of the conspiracy that caused injury to Plaintiff; and that the conspiracy was motivated by a racial, or other class-based, discriminatory animus. *See Bruggeman v. Paxton,* 15 F. App'x 202, 205 (6th Cir. 2001); *see also Vakilian v. Shaw,* 335 F.3d 509, 518 (6th Cir. 2003) (and cases cited therein). "The complaint thus must 'allege both a conspiracy and some class-based discriminatory animus behind the conspirators' action.'" *Pahssen v. Merrill Cmty. Sch. Dist.,* 668 F.3d 356, 367–68 (6th Cir. 2012) (quoting *Newell v. Brown,* 981 F.2d 880, 886 (6th Cir. 1992), in turn quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)). In addition, conspiracy claims must be pled with specificity; "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Id.* at 368 (quoting *Gutierrez v. Lynch,* 826 F.2d 1534, 1538–39 (6th Cir.1987)).

Plaintiff has not pleaded that any of the Defendants were motivated by a racial or class-based discriminatory animus. Further, Plaintiff's allegations are insufficient to support any inference that the Defendants were involved in a conspiracy, or in other words, that the Defendants "shared a common discriminatory objective." *See id.* (citing *Hinkle v. City of Clarksburg, W. Va.,* 81 F.3d 416, 421 (4th Cir.1996)). In the absence of any factual allegations to support his vague and conclusory conspiracy claim, Plaintiff's § 1985 claim should be dismissed.

V.   **Request for Issuance of Summons**

Plaintiff has requested that Summons be issued to Defendants so that the case can proceed. (Doc. 13). Because the undersigned is recommending that the Complaint be dismissed in its entirety, the Undersigned **RECOMMENDS** that the Court **DENY** this request as moot.

VI.  **Conclusion and Recommended Disposition**

The undersigned **GRANTS** the motion to amend (Doc. 14) to the extent that Documents 7 through 11 will be considered as attachments to the Complaint. The motion to amend (Doc. 14) is **DENIED** in all other respects. Plaintiff's application for default judgment (Doc. 6) is considered **WITHDRAWN** pursuant to Doc. 12.

Having screened the Complaint as required by law, the undersigned concludes that Plaintiff's claims against the Defendants, namely J. David Turner, Michael L. Tucker, Jeffrey M. Welbaum, and Christopher B. Epley, should be dismissed because the Defendant Judges are immune, Defendant Turner is not a state actor against whom a § 1983 claim can be raised, § 1984 is no longer in effect (*see* footnote 1), and Plaintiff has failed to plead a plausible § 1985 conspiracy claim. The undersigned therefore **RECOMMENDS** that:

1.  The Court **DISMISS** the Complaint, as amended, in its entirety with prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

2.  The Court **DENY** Plaintiff's Request for Issuance of Summons (Doc. 13).

3.  The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**VII. Notice Regarding Objections to this Report and Recommendations**

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

January 26, 2023                                              */s/ Caroline H. Gentry*
                                                                                        Caroline H. Gentry
                                                                                        UNITED STATES MAGISTRATE JUDGE