UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LEON A. MORRIS SR.,

    Plaintiff,                                   Case No. 3:22-cv-279

vs.

J. DAVID TURNER, *et al.*,               District Judge Michael J. Newman

    Defendants.

**ORDER: (1) DENYING *PRO SE* PLAINTIFF'S RULE 60(b) MOTION (Doc. No. 25); AND (2) CLARIFYING THAT THIS CASE REMAINS TERMINATED ON THE DOCKET.**

This case is before the Court on *pro se* Plaintiff Leon Morris's Fed. R. Civ. P. 60(b) motion for relief from a judgment or order.[1] Doc. No. 25. Specifically, Morris challenges the Court's September 11, 2023 Order which (1) adopted the Magistrate Judge's Report & Recommendation recommending this case be terminated on the docket, and (2) thus terminated this case.[2]

Rule 60(b), which governs the grounds for relief from a final judgment, order, or proceeding, provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

---

[1] As with all *pro se* litigants, Morris's documents and allegations are liberally construed in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).
[2] As the Rule 60(b) motion was filed within one year of the issuance of the September 11, 2023 Order, it is deemed timely filed. *See* Fed. R. Civ. P. 60(c).

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Berry v. Delaware Cnty. Sheriff's Off.*, 796 Fed. App'x 857, 866 (6th Cir. 2019) (quoting *Johnson v. Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004)) (citation omitted).

Morris's *pro se* motion does not discuss whether any of the listed reasons contained in Rule 60(b) were satisfied such that relief under Rule 60(b) is warranted. Instead, Morris reiterates his previous claims and takes issue with the Court's decision. Therefore, Morris has not proven he is entitled to relief under Rule 60(b).

For the reasons stated above, the Court **DENIES** Plaintiff's motion. This case remains **TERMINATED** on the docket.

**IT IS SO ORDERED.**

October 4, 2024                    s/*Michael J. Newman*
                                                  Hon. Michael J. Newman
                                                  United States District Judge